IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID LAMONT KENDRICK,          )
                                )
            Petitioner,         )    Civil Action No. 06-167
                                )
      vs.                       )    Judge Lancaster
                                )    Magistrate Judge Caiazza
MARDI HUNSBERGER, et al.,       )
                                )
            Respondents.        )

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

It is respectfully recommended that the Petitioner's Writ of Habeas Corpus be dismissed and that a certificate of appealability be denied.

**A.   The Habeas Petition**

David Lamont Kendrick ("Kendrick" or "the Petitioner") was charged as a conspirator in a robbery plot during which the victim was shot and killed. The Petitioner entered a guilty plea, and was sentenced on January 23, 1998. No post-sentence motions were filed, nor did the Petitioner perfect any appeals.

More than two years later, on March 24, 2000, Kendrick filed a *pro se* Post Conviction Relief Act ("PCRA") Petition. An amended and counseled PCRA petition followed, but said petition was rejected, the Pennsylvania Superior Court affirmed, and the Supreme Court declined review. Essentially, Kendrick's PCRA petition failed because it was filed beyond the PCRA's one year limitations period.

Kendrick's Petition for Writ of Habeas Corpus was executed on February 5, 2006. The Respondents claim that his federal habeas petition is untimely, and they are correct.

Kendrick was required to file his federal habeas petition within one year after his state conviction became final. 28 U.S.C. § 2244(d)(1)(a). Because he opted not to file an appeal, his conviction became final thirty days after he was sentenced. See Gibbs v. Johnson, 2002 WL 55812, at *1, n.2 (E.D. Pa. Jan. 15, 2002) (holding same). Kendrick's state conviction therefore became final on February 22, 1999, and his federal habeas petition was filed on February 5, 2006 -- well beyond the one year limitations period.

Kendrick's limitations period was not saved, moreover, by his untimely PCRA petition(s). See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (where petitioner's PCRA petition is untimely, "it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)"). Kendrick's Petition is untimely, and it should be dismissed.[1]

---

[1] The undersigned has considered and rejected Kendrick's "actual innocence" theory. Cf. Souter v. Jones, 395 F.3d 577, 588-90 (6th Cir. 2005) (in "a rare and extraordinary case," "credible showing of actual innocence" may entitle petitioner to equitable tolling). Kendrick claims that the facts set out in his guilty plea colloquy did not reveal an intent to kill. Even taking this as true, it is not the type of "new" and "extraordinary" evidence warranting an application of the doctrine. See id. at 590 ("actual innocence means factual innocence, not mere legal insufficiency" and, "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence," -- "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial") (citations and internal quotations omitted).

B. **Certificate of Appealability**

A certificate of appealability should be denied because Kendrick has not made a substantial showing of the denial of a constitutional right, nor has he shown that jurists of reason would disagree with the court's procedural holdings. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by December 7, 2006. Responses to objections are due by December 18, 2006.

November 21, 2006

Francis X. Caiazza
U.S. Magistrate Judge

cc:

David Lamont Kendrick
DM-6689
SCI Laurel Highlands
5706 Glades Pike
Somerset, PA 15501-0631

Rusheen R. Pettit, Esq. (via email)